IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-59,763-02






EX PARTE PEDRO BAUTISTA FLORES, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS 


FROM CAMERON COUNTY



 

 Per Curiam.


 O R D E R



 This is an application for a writ of habeas corpus which was transmitted to this Court 
pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. Applicant was convicted of
the offense of aggravated sexual assault of a child, and punishment was assessed at forty
years' confinement. No direct appeal was taken. 

 Applicant alleges that the prosecution engaged in misconduct, that counsel was
ineffective, and that Applicant did not understand the plea proceedings because no interpreter
was provided. The trial court has not entered findings of fact or conclusions of law.
However, the record indicates that on October 20, 2005, a bench warrant was issued for
Applicant for an evidentiary hearing. This application was then sent, prematurely, to this
Court. We believe that Applicant has alleged facts that, if true, might entitle him to relief. 
Therefore, it is this Court's opinion that additional facts need to be developed and because
this Court cannot hear evidence, the trial court is the appropriate forum. The trial court may
resolve those issues as set out in Tex. Code Crim. Proc. art. 11.07, § 3 (d), in that it shall
order affidavits, depositions, or interrogatories from counsel or the State, or it may order a
hearing. In the appropriate case the trial court may also rely on its personal recollection. 

 If the trial court elects to hold a hearing, the court shall first decide whether Applicant
is indigent. If the trial court finds that Applicant is indigent and Applicant desires to be
represented by counsel, the trial court shall then, pursuant to the provisions of Tex. Code
Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing. 

 Following receipt of additional information, the trial court shall make findings of fact
as to whether Applicant's due process rights were violated because no interpreter was
provided. The trial court shall also make findings of fact regarding as to whether the
prosecutor engaged in misconduct and whether counsel was ineffective. The trial court shall
also make any further findings of fact and conclusions of law it deems relevant and
appropriate to the disposition of the application for writ of habeas corpus.

 Because this Court does not hear evidence, Ex Parte Rodriquez, 334 S.W.2d 294 (Tex.
Crim. App. 1960), this application for a post-conviction writ of habeas corpus will be held
in abeyance pending the trial court's compliance with this order. Resolution of the issues
shall be accomplished by the trial court within 90 days of the date of this order. (1) A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter's notes from any hearing or deposition, along with the trial court's
supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. (2)

 IT IS SO ORDERED THIS THE 18th DAY OF January , 2006.


DO NOT PUBLISH 

 
1. In the event any continuances are granted, copies of the order granting the continuance
should be provided to this Court.
2. Any extensions of this time period should be obtained from this Court.